# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HICKS, | NO. CV 12-2677 UA (FMO) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| MATTHEW CATE, | |
| Defendant. | |

"'Plaintiffs normally must pay $350 to file a civil complaint in federal district court, but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting [in forma pauperis] IFP status.'" Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 892 (9th Cir. 2011) (citation omitted). However, a state or federal inmate is prohibited from "bring[ing] a civil action or appeal" IFP if the inmate:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[] to state a claim[.]'" Andrews v. King, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005).

Here, it appears plaintiff, who does not allege he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), has already accumulated three or more "strikes" under § 1915(g), see Hicks v. Family Healthcare, et al., United States District Court for the Central District of California Case No. CV 08-5978 UA (FMO) (denying IFP request when complaint was frivolous); Hicks v. Cate, United States District Court for the Eastern District of California Case No. 08-0511 SPK (dismissing complaint that had "no basis in law or fact"); Hicks v. Berkson, United States District Court for the Eastern District of California Case No. CV 02-5905 AWI (SMS) (dismissing complaint for failure to state a claim upon which relief may be granted); see also Hicks v. Virga, United States District Court for the Eastern District of California Case No. 11-0405 MCE (CMK) (dismissing action without prejudice under § 1915(g) and noting that plaintiff's "three strikes" include "Hicks v. Ortiz, E.D. Cal. No. 01-CV-5728; Hicks v. Marshall, N.D. Cal. no. 93-CV-4272; and Hicks v. Lewis, N.D. Cal. No. 94-CV-2103"); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee."); Andrews, 398 F.3d at 1121 ("[A] case is frivolous if it . . . '[has] no basis in law or fact.'") (citations omitted). Accordingly, plaintiff is Ordered to Show Cause in writing why this action should not be dismissed pursuant to § 1915(g). See Andrews, 398 F.3d at 1120 ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status.") .

If plaintiff objects to dismissal of his Complaint under § 1915(g), he shall file a response to this Order to Show Cause no later than **April 20, 2012**.

Dated this 30th day of March, 2012.

/s/
Fernando M. Olguin
United States Magistrate Judge